

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

December 12, 2016

Honorable James Orenstein *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Nelson v. City of New York, et al., 16 CV 3453 (MKB) (JO)

Dear Magistrate Judge Orenstein:

   I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action alleging violations of plaintiff's civil rights. I write, with the consent of plaintiff's counsel, to request that the Court stay this matter, in its entirety, pending the outcome of the internal investigation into the underlying incident by the New York City Department of Correction ("DOC"), which, on information and belief, has been suspended in light of an investigation by the Bronx County District Attorney's office.

A. **Background and Procedural History of This Action**

   Plaintiff Kristopher Nelson alleges that, on or about August 4, 2015, he was subjected to, inter alia, excessive force while in the custody of DOC at a facility on Rikers Island. According to plaintiff, he sustained injuries which required medical treatment. On that basis, he alleges federal claims for excessive force, violation of substantive due process rights, failure to intervene, and deliberate indifference to medical needs, as well as pendent state law claims for assault and battery against the individually-named defendants. Although it is not entirely clear, it appears that plaintiff intends to sue defendant City solely on derivative claims for municipal liability under federal law, and on a claim for negligent hiring, training, and retention of employment services and a theory of respondeat superior liability under New York State law.

   This action was filed on June 23, 2016. As a result of a delay reportedly occasioned by plaintiff's process server, defendant City was not served until on or about

September 21, 2016. (See Docket Entry ("DE"), # 6). On September 27, 2016, plaintiff sought and received additional time from the Court in which to serve the individual defendants in light of the provisions of Rule 4(m) of the Federal Rules. (DE # 6; September 27, 2016 Docket Entry). After this matter was assigned to me, the City promptly provided service information for the individual defendants on October 11, 2016. On October 11, 2016, defendant City requested on consent an enlargement of 60 days within which to respond to the complaint from the then-current date of October 12, 2016, to December 12, 2016, which was granted by the Court. (DE # 7; October 11, 2016 Docket Entry). A review of the docket sheet reflects that affidavits of service were filed on October 19, 2016, affirming that the individual defendants had been served on October 14, 2016. (DE # 8 to DE # 12).[1]

As a result of our attempts to conduct an investigation of the underlying matter, this office has learned that DOC currently has an open investigation into the incident. This office has been advised that the internal investigation has been temporarily deferred at the request of and because of an investigation by the Bronx County District Attorney's office. Defendant City respectfully submits that a stay of this case is warranted due to the apparent involvement of the district attorney's office and pending an internal investigation, and that all matters should be held in abeyance during the pendency of the stay, including any responses to the complaint and the scheduling of an initial conference.

**B.      Basis for This Application for a Stay**

Federal courts have inherent power and discretionary authority to stay a case where the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distribs. v. The New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. See, e.g., Kashi, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted); Bristol v. Nassau County, 08 CV 3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, 01 CV 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003)); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); Ortiz v. City of New York, 13 CV 7367 (LTS) (S.D.N.Y. May 30, 2014) (Docket Entries 17 & 20) (granting stay in light of open CCRB investigation).

Defendant City submits that a stay is warranted because, until the district attorney's office investigation and the internal investigation have been resolved, the parties will not have access to the investigation files, which are vital to the progress of this litigation. The

---

[1] This office does not represent any of the individual defendants at present and makes no representations concerning the adequacy of service.

law enforcement privilege prevents disclosure of a pending investigation in order to, inter alia, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. City of New York, 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). The effectiveness of the internal investigation of the incident depends in part on the ability of the investigators to proceed without interference. For example, should attorneys involved in this civil action contact witnesses, the investigators' ability to obtain unbiased statements and evidence may be jeopardized, such as by the communication of information received in discovery or by the suggestion of the attorneys, the plaintiff, or others working at their direction. Therefore, defendant City respectfully contends that any documents or other information pertaining to an active investigation should be protected from disclosure by the law enforcement privilege. Additionally, these records are likely protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Consequently, where either or both privileges apply, the parties to this action likely will not have access to vital information, possibly including witness statements, until the investigation is resolved. This office would neither be able to identify any witnesses nor prepare its defense without having access to the investigative materials. Nor would any of the parties have access to vital information while the internal investigation is open.

Additionally, in the event that any criminal and/or disciplinary charges are brought against any officers involved in the alleged incident, any testimony produced by the officers in the instant civil case could potentially impact a criminal or disciplinary trial. See Johnson v. N.Y. City Police Dep't, 01 CV 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) (allowing a civil action to go forward could "undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case"). Furthermore, a stay of a federal civil rights action pending the outcome of a parallel state court criminal proceeding allows the "state proceeding to go forward without interference from its federal sibling, while enforcing the duty of the federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (internal citations omitted).

The Court should also stay the instant action because of the potential for a conflict of interest between this Office and the five correction officers who have been named in this matter based on their alleged personal involvement in the underlying incident. New York State law governs the representation of employees of the City of New York by this Office. Specifically, New York General Municipal Law § 50-k(2) provides that this office shall, upon their request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to § 50-(k)(2), this office must first determine whether each individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id. As DOC is currently investigating the incident, the Law Department cannot make an informed determination as to whether it can represent any of the individually-named defendants, or any other officer or employee of DOC, in this action, until

3

the investigation has closed. Thus, requiring the instant action to proceed before the conclusion of the pending investigation will jeopardize the representation of the individual defendants.

Moreover, best practices prevent this office even communicating with any of the individual defendants until the investigation has closed, because, if any of them is found to have violated a procedure of DOC, a conflict of interest likely will arise. As defendant City is a municipality, it can communicate only through its agents. If this Office cannot communicate with officers who are believed to have been involved in the incident, the City cannot offer any version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiff.

Finally, defendant City submits that a stay of this matter will not prejudice plaintiff. First, plaintiff has consented to the stay. Further, a stay does not mean that plaintiff's claims are lying dormant. On the contrary, we understand that investigations are ongoing and steps are being taken to preserve the evidence.

Many cases in this Circuit have been stayed for similar reasons. See, e.g., Ortiz v. City of New York, 13 CV 7367 (LTS) (S.D.N.Y. May 30, 2014) (Docket Entries 17 & 20) (granting stay pending open CCRB investigation); Jones v. City of New York, 14 CV 2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (same); Constantino v. City of New York, 13 CV 4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013 (same); Butler v. City of New York, 12 CV 3759 (JPO), Slip op. at 1 (S.D.N.Y. Sept. 7, 2012) (granting stay pending open IAB investigation).

C.    **Conclusion**

A stay is a matter for the Court's discretion. Requiring this case to proceed at this time would create a potential for prejudice to the individual defendants and would prevent defendant City from preparing an effective defense of these claims. On the other hand, staying this matter until the resolution of these investigations would cause little, if any, prejudice to plaintiff. For these reasons, defendant City respectfully requests that the Court stay all proceedings in this matter until thirty days after the resolution of the internal investigation. Defendant City further respectfully requests an extension of time to answer or otherwise respond to the complaint until 21 days after the stay is lifted, or until January 3, 2017, should the Court deny the instant request.

Defendant City previously requested an enlargement of time of sixty days from October 12, 2016, to December 12, 2016, within which the City of New York could respond to the complaint. That request was granted by the Court. No previous request for a stay has been made by any defendant.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Susan P. Scharfstein

4

cc:     Afsaan Saleem, Esq. *(by ECF)*