

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

April 5, 2018

Honorable James Orenstein *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  <u>Nelson v. City of New York, et al.</u>, 16 CV 3453 (MKB) (JO)

Dear Magistrate Judge Orenstein:

        I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York, Edward Roman, Ronald Wilson, Michael Velazquez, Jeffrey Spencer, James Thomas, Michelle McKain, and Kimwahn Washington ("City Defendants"), in the above-referenced action alleging violations of plaintiff's civil rights. I write to request that the Court "So Order" the annexed Confidentiality Stipulation and Proposed Protective Order that has been executed by counsel for all parties except plaintiff.

        By way of background, at the initial conference held on November 20, 2017, City Defendants raised their concern that certain information that they anticipated producing in discovery in this action should receive the protection of an appropriate confidentiality stipulation and protective order. At that time, the Court directed the parties to confer on a proposal to the Court. By email message dated November 22, 2017, plaintiff's counsel requested that I circulate a proposed protective order, stating that "I assume you intend to disclose some of the items in your possession pursuant to a protective order." On November 27, 2017, City Defendants circulated a proposal to all parties. After some discussions with counsel for a co-defendant, City Defendants revised the proposal and circulated a new draft on January 8, 2018. All counsel other than counsel for plaintiff promptly executed the stipulation and proposed order.

        Subsequently, on or about January 10, 2018, plaintiff's counsel demanded production of certain video surveillance film retrieved from the facility at or about the time of the incident, notwithstanding that plaintiff had not so much as served a written discovery demand on or before the Court-ordered date of January 4, 2018, or, indeed, at any other time. Seemingly changing position, counsel stated that the video film should not be subject to a protective order. City Defendants indicated, in response, that there were security concerns attendant to the contents of the video film and that they were therefore awaiting the return by plaintiff's counsel of the executed signature page of the confidentiality stipulation and order, before producing the

video film, so that they could file the proposal for endorsement by the Court. City Defendants further indicated that they wished to produce the video to all parties while subject to protective order so that, at a minimum, all parties could review the material and a meaningful "meet and confer" could then be had.[1] Plaintiff's counsel indicated that she disagreed that the video was subject to a protective order and would call me to discuss, and, if necessary, would make an application to the Court. City Defendants then again pointed out that the proposal included a mechanism for a party to challenge a confidentiality designation on receipt of the documents. I therefore asked that plaintiff's counsel review the proposal before calling me to discuss. City Defendants have heard nothing from plaintiff since. At no time has she made any request or proposal for any substantive change to the language of the proposal that is agreed-upon by all defendants. As a consequence, City Defendants have been unable to produce either the video film sought by plaintiff or other documents requested in discovery by co-defendants.

To date, no party seeking production of the film or other underlying documentation has taken steps to resolve this issue since January of this year. City Defendants respectfully submit to the Court that the video surveillance film contains sensitive law enforcement and other information that raises compelling security and privacy concerns, such as the layout of the yard of the facility, related security features, and photos of correction officers.[2] Accordingly, City Defendants ask that the Court endorse the annexed proposed stipulation and order so that City Defendants may produce the video film and the parties may confer further as may be necessary once all counsel have had an opportunity to view the film.

On a somewhat related point, City Defendants are mindful that the Court has directed the parties to submit a joint status report today in anticipation of the conference set for April 9, 2018. As the undersigned has not yet heard from counsel for plaintiff or co-defendants, City Defendants will reach out to counsel this afternoon concerning preparation of the joint submission. In the interim, in the event that it is helpful to the Court, as to the status of discovery, all parties have responded to all written discovery requests. To date, City Defendants have produced nearly 3,000 pages of documents as Rule 26(a)(1) disclosures and/or in response to written discovery requests served by co-defendants. City Defendants intend to confer with plaintiff's counsel concerning some limited follow-up to plaintiff's responses to City Defendants' written discovery requests.[3] City Defendants are aware of no pending discovery issues at this time, other than those noted above. City Defendants anticipate at this time that they will require only one deposition, of plaintiff, that they wish to conduct before the fact discovery period closes on May 30, 2018. City Defendants wish to conduct the deposition of plaintiff, who is currently a New York State inmate, by videoconferencing from the courthouse, and will timely request a court order making plaintiff available on a date to be agreed upon by counsel.

---

[1] City Defendants note their position that, as the interests of co-defendants may be implicated by the disclosure of the video, all parties should have an opportunity to participate in a "meet and confer" and, if necessary, be heard by the Court.

[2] Related to security concerns, for example, the video depicts plaintiff escaping from a holding cell via a method that defendants do not believe is appropriate to become generally known.

[3] Although City Defendants served the requests on January 2, 2018, the responses were not received by the undersigned until the second week of March.

2

In light of the foregoing, City Defendants ask that the Court "So Order" the annexed Confidentiality Stipulation and Protective Order and thank the Court for its consideration of the above.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: All counsel of record *(by ECF)*

UNITED STATESS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KRISTOPHER NELSON,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, Correctional Officer
HAMILTON, Shield No. 12128, Captain BRATHWAITE,
Shield No. 998, Captain JOHNSON, Correctional Officer
DEPENA, Shield No. Unknown, Deputy Warden SIMMS,
Correctional Officer JOHN and JANE DOE # 1
THROUGH 10, in their individual and official capacities as
employees of the City of New York.

                          Defendants.
------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

16 CV 3453 (MKB) (JO)

        **WHEREAS**, defendant City of New York intends to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS,** defendant City of New York deems this information and these documents confidential and/or private and objects to their production unless appropriate protection for its confidentiality is assured; and

        **WHEREAS,** good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for plaintiff and defendants, as follows:

        1.     As used herein, "Action" shall mean the lawsuit captioned above.

2. "Confidential Materials" shall mean New York City Department of Correction ("DOC") records of investigations, personnel records, and disciplinary-related records regarding the conduct of members of service of DOC conducted by DOC, or other agency, and other documents and information that may, during the pendency of this litigation, be designated "Confidential Materials" by defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (a) are obtained by plaintiff through subpoena or FOIL requests, or (b) are otherwise publicly available.

3. Neither plaintiff nor his attorneys, nor co-defendants nor their attorneys, shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation or presentation of their respective cases in the Action.

4. Counsel for plaintiff and co-defendants not shall disclose the Confidential Materials to any person not a member of the staff of their law offices, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of a party's case in the Action.

    b. Disclosure before trial may be made only to the parties, to an expert who has been retained or specially employed by a party in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), counsel seeking to make the disclosure shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, of the Action and not to further disclose the Confidential Materials, except in testimony taken in the Action. The signed consent shall be retained by counsel seeking to make the disclosure and a copy shall be furnished to counsel for the City of New York upon request.

5.    Defendants may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control in conformity with the designation. To effectuate the purpose of subsection (b), all parties and their counsel are to hold the transcript as Confidential Materials until defendants' counsel has had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

6. If any party objects to the designation of any Confidential Materials as such, he or she shall state such objection in writing to all counsel of record, and counsel shall attempt in good faith to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential Materials until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof are to be filed with the Court, the party seeking to file the papers shall first make an application to the Court for permission to file those papers under seal and shall indicate whether any other party objects to that request. Upon receipt of permission, the papers shall be filed in conformity with the District Court protocol for filing under seal.

8. Within 30 days after the termination of this Action, including any appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to defendant City's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant City's attorneys.

9. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendant City's use of the Confidential Materials in any manner.

11. Counsel for plaintiff and co-defendants shall keep Confidential for "attorneys'-eyes-only" the address, telephone number, social security number, date of birth, and other personal information of current or former employees of the City of New York and any other witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorneys or their law firms or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff or co-defendants, their family members, or other persons, and such information shall not be included in documents that are publicly filed with the Court.

12. Failure to designate documents or information as Confidential Materials shall not be deemed a waiver of any claim of confidentiality as to such materials, and the same thereafter may be corrected by supplemental written notice. Information that was produced and was not then designated as Confidential Materials may be subsequently designated as Confidential Materials by one or more of the parties.

13. Any inadvertent or in camera disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality. In the event of any inadvertent disclosure of Confidential Materials by a party, the parties receiving the inadvertent disclosure of Confidential Materials shall return, upon receipt of written notice of the inadvertent disclosure, all Confidential Materials inadvertently disclosed, as well as all copies thereof, to the Producing Party.

14. The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15. This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order and shall be deemed to establish this one Stipulation and Protective Order.

DATED: January __, 2018
New York, New York

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, NY 11241
*Attorneys for Plaintiff*

By:_____
   Amy Rameau, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, NY 10007

By: /s/ Susan Scharfstein
   Susan P. Scharfstein

FRANKIE & GENTILE, P.C.
1565 Franklin Avenue, Suite 104
Mineola, NY 11501
*Attorneys for Defendants Darwin Brathwaite and Johnny Johnson*

By:_____
   James G. Frankie, Esq.
   Joseph A. Gentile, Esq.

KOEHLER & ISAACS LLP
61 Broadway, 25th Floor
New York, NY 10006
*Attorneys for Defendant Raphael Depena*

By:_____
   Cynthia A. DeVasia, Esq.
   Ethan M. Felder, Esq.

DESENA & SWEENEY, LLP
1500 Lakeland Avenue
Bohemia, NY 11716
*Attorneys for Defendant Michael Hamilton*

By:_____
   Paul J. Felicione, Esq.
   Louis J. DeSena, Esq.

CERTILMAN, BALIN, ADLER
 & HYMAN, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
*Attorneys for Defendant James Sims*

By:_____
   Paul S. Linzer, Esq.
   Stephen McQuade, Esq.

15. This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order and shall be deemed to establish this one Stipulation and Protective Order.

DATED: January __, 2018
New York, New York

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, NY 11241
*Attorneys for Plaintiff*

By:_____
    Amy Rameau, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, NY 10007

By:_____
    Susan P. Scharfstein

FRANKIE & GENTILE, P.C.
1565 Franklin Avenue, Suite 104
Mineola, NY 11501
*Attorneys for Defendants Darwin Brathwaite and Johnny Johnson*

By: *James G. Frankie* (signature)
    James G. Frankie, Esq.
    Joseph A. Gentile, Esq.

KOEHLER & ISAACS LLP
61 Broadway, 25th Floor
New York, NY 10006
*Attorneys for Defendant Raphael Depena*

By:_____
    Cynthia A. DeVasia, Esq.
    Ethan M. Felder, Esq.

DESENA & SWEENEY, LLP
1500 Lakeland Avenue
Bohemia, NY 11716
*Attorneys for Defendant Michael Hamilton*

By:_____
    Paul J. Felicione, Esq.
    Louis J. DeSena, Esq.

CERTILMAN, BALIN, ADLER
 & HYMAN, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
*Attorneys for Defendant James Sims*

By:_____
    Paul S. Linzer, Esq.
    Stephen McQuade, Esq.

15. This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order and shall be deemed to establish this one Stipulation and Protective Order.

DATED: January __, 2018
New York, New York

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, NY 11241
*Attorneys for Plaintiff*

By:_____
Amy Rameau, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, NY 10007

By:_____
Susan P. Scharfstein

FRANKIE & GENTILE, P.C.
1565 Franklin Avenue, Suite 104
Mineola, NY 11501
*Attorneys for Defendants Darwin Brathwaite and Johnny Johnson*

By:_____
James G. Frankie, Esq.
Joseph A. Gentile, Esq.

KOEHLER & ISAACS LLP
61 Broadway, 25th Floor
New York, NY 10006
*Attorneys for Defendant Raphael Depena*

By:_____
Cynthia A. DeVasia, Esq.
Ethan M. Felder, Esq.

DESENA & SWEENEY, LLP
1500 Lakeland Avenue
Bohemia, NY 11716
*Attorneys for Defendant Michael Hamilton*

By:_____
Paul J. Felicione, Esq.
Louis J. DeSena, Esq.

CERTILMAN, BALIN, ADLER
& HYMAN, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
*Attorneys for Defendant James Sims*

By:_____
Paul S. Linzer, Esq.
Stephen McQuade, Esq.

15. This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order and shall be deemed to establish this one Stipulation and Protective Order.

DATED:    January __, 2018
                New York, New York

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, NY 11241
*Attorneys for Plaintiff*

By:_____
   Amy Rameau, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, NY 10007

By:_____
   Susan P. Scharfstein

FRANKIE & GENTILE, P.C.
1565 Franklin Avenue, Suite 104
Mineola, NY 11501
*Attorneys for Defendants Darwin Brathwaite and Johnny Johnson*

By:_____
   James G. Frankie, Esq.
   Joseph A. Gentile, Esq.

KOEHLER & ISAACS LLP
61 Broadway, 25th Floor
New York, NY 10006
*Attorneys for Defendant Raphael Depena*

By:_____
   Cynthia A. DeVasia, Esq.
   Ethan M. Felder, Esq.

DESENA & SWEENEY, LLP
1500 Lakeland Avenue
Bohemia, NY 11716
*Attorneys for Defendant Michael Hamilton*

By:_/s/_____
   ~~Paul J. Felicione, Esq.~~
   Louis J. DeSena, Esq.

CERTILMAN, BALIN, ADLER
 & HYMAN, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
*Attorneys for Defendant James Sims*

By:_____
   Paul S. Linzer, Esq.
   Stephen McQuade, Esq.

SO ORDERED:

_____
HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York dated _____, 2017, in the action titled <u>Kristopher Nelson v. City of New York, et al.</u>, 16 CV 3453 (MKB) (JO) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____         _____
Date                                                      Signature

                                                                          _____
                                                                          Print Name

                                                                          _____
                                                                          Occupation